IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 9:23-cv-80892 |
| JOHN C. PATTEN, as the Personal Representative of the Estate of GARY F. OWENS (deceased) | ) |
| Defendant. | ) |

## COMPLAINT

The United States of America files this Complaint against John C. Patten in his capacity as the personal representative of the Estate of Gary F. Owens, and alleges as follows:

1. This is a civil action in which the United States seeks a judgment against John C. Patten as personal representative of the Estate of Gary F. Owens for Owens' unpaid federal income taxes, penalties, and interest. As of May 29, 2023, the balance of the taxes at issue is $1,475,447.14.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States in accordance with 26 U.S.C. §§ 7401 and 7403.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4. Venue of this action properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Gary F. Owens resided in this district at the time of death and the taxes at issue accrued in this district.

### The Parties

5. Plaintiff is the United States of America.

6. Defendant John C. Patten is being sued in his capacity as the personal representative of the Estate of Gary F. Owens, which is liable to the United States for the unpaid federal taxes of Gary F. Owens.

### The Estate Proceedings

7. On November 16, 2021, Mr. Owens died while residing in Palm Beach County, Florida.

8. On October 14, 2022, Mr. Patten, acting in his capacity as personal representative, filed a Petition for Administration for Mr. Owen's estate in the Circuit Court in and for Palm Beach County, Florida, Probate Division. See In re Estate of Gary F. Owens, 50-2022-CP-005475-XXXX-MB (Fla. 15th Cir. Ct.).

9. The IRS filed a claim against the Estate for Mr. Owens' unpaid federal income tax liabilities on February 22, 2023.

10. On or about March 10, 2023, Mr. Patten filed an objection to the IRS's claim to strike the claim as for income tax as untimely. The Probate Court has not ruled on the objection to the IRS's claim.

11. Under Florida Statute § 733.705(5), a "claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim." The United States is not subject to this time limitation pursuant to *United States v. Summerlin*, 310 U.S. 414 (1940) and its progeny. Consequently, this action is not barred as untimely by Florida Statute § 733.705(5).

12. Pursuant to 26 U.S.C. § 6502, the United States may commence a lawsuit to collect internal revenue taxes within ten years after assessment of the tax. This action is timely because, as alleged below, the internal revenue taxes at issue were assessed on June 22, 2015, and February 22, 2016, respectively.

**COUNT I – Judgment for Defendants' Unpaid Federal Tax Liabilities**

13. In 2008, Gary Owens won a prize in the New York State Lottery's "Win for Life Spectacular" instant scratch-off game. Mr. Owens' prize entitled him to a minimum of $10,000,000.00, payable in quarterly installments through August 2028, from the New York State Lottery Commission ("Commission").

14. The guaranteed prize was a minimum that Mr. Owens would receive. If he lived beyond the 20-year payment term, he would continue to receive payments as long as he was alive. But payment of the minimum prize was not contingent upon Mr. Owens being alive. If he died before he received the minimum prize, the balance is payable to his Estate.

15. After winning the lottery, Mr. Owens entered into several agreements with various third-party lenders to receive advance payments on his prize. Mr. Owens' advance lump-sum payments were taxable income. But Mr. Owens did not pay in full the Federal Income Tax owed on his advance payments for tax years 2009 and 2014.

16. Mr. Owens was required to timely file a tax return in 2009 reporting his income, but he failed to do so. As a result, the IRS calculated the income tax he owed for that year and sent a notice of deficiency for the liability it determined to Mr. Owen's last known address as required by I.R.C. § 6212.

17. Mr. Owens did not petition Tax Court to challenge the notice of deficiency. After the restriction on collection imposed by I.R.C. § 6213 lapsed, a delegate of the Secretary of the

Treasury timely and properly assessed the liability as listed in the notice of deficiency on the dates and in the amounts shown in the following table:

| Tax Year | Assessment Date | Tax Assessment | Interest | Penalties |
|---|---|---|---|---|
| 2009 | June 22, 2015 | $118,231.00 | $29,535.85 | $29,077.00*<br>$23,261.60** |

*Late Filing Penalty
**Accuracy Related Penalty

18. Mr. Owens filed his 2014 federal income tax return after its due date and reported a tax due. But Mr. Owens failed to pay the tax he reported due in full. Thereafter, a delegate of the Secretary of the Treasury timely and properly assessed against Mr. Owens the tax he reported, plus interest and penalties on the date and in the amounts shown in the following table:

| Tax Year | Assessment Date | Tax Assessment | Interest | Penalties |
|---|---|---|---|---|
| 2014 | February 22, 2016 | $628,397.00 | $20,021.62 | $9,855.00*<br>$141,187.50**<br>$34,512.50*** |

*Estimated Tax Penalty
**Late Filing Penalty
***Late Payment Penalty

19. A delegate of the Secretary of the Treasury properly gave notice of the unpaid assessments described in Paragraphs 17-18, above, to Mr. Owens and made demand for payment.

20. Despite notice and demand, Mr. Owens failed to pay in full his tax liabilities at issue.

21. Because Mr. Owens had not remitted full payment of his outstanding tax liabilities to the IRS at the time of his death, the Estate is liable for the unpaid balance of the income tax assessments against Mr. Owens as his successor in interest.

22. Taking into account all payments, credits, and abatements, the Estate owes $1,475,447.14, as of May 29, 2023, for Mr. Owens' unpaid federal income tax liabilities for 2009 and 2014, plus interest and other statutory additions allowed by law.

WHEREFORE, the United States of America request that the Court:

A. Enter judgment against John C. Patten, in his capacity as personal representative of the Estate of Gary F. Owens and in favor of the United States in the amount of $1,475,447.14, as of May 29, 2023, for Mr. Owens' unpaid federal income tax liabilities for 2009 and 2014, plus interest and statutory additions as allowed by law that will continue to accrue until the date of payment.

B. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: June 8, 2023.

Respectfully submitted,

David A. Hubbert
Deputy Assistant Attorney General

By: /s/ Christopher Merino
Christopher Merino
Florida Bar Number 1011386
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone:   202-892-0242
Facsimile:   202-514-4963
Christopher.Merino@usdoj.gov

Of Counsel:

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

*Attorneys for the United States of America*